Edward J. Maney
Chapter 13 Trustee
101 N. First Ave., Suite 1775
Phoenix, Arizona 85003
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DORA A. PORTELA,<br><br><br><br><br>_____ (Debtor(s) | CHAPTER 13 PROCEEDINGS<br><br>CASE NO. 11-01028-PHX-GBN<br>**AMENDED**<br>TRUSTEE'S EVALUATION AND RECOMMENDATION(S) REPORT WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED<br>RE: CHAPTER 13 PLAN<br>*Docket #11* |

Edward J. Maney, Trustee, has analyzed the Debtors Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:** (NOTE: THE TRUSTEE DOES NOT ACCEPT ELECTRONIC SERVICE)

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. *Please submit a copy of the Court's Claims Register with any submission of the Order Confirming.*

b. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d. The Debtors are required to provide directly to the Trustee, *within 30 days after their filing*, copies of their federal and state income tax returns for every year during the duration of the Chapter 13 Plan. This requirement is to be included in any Order Confirming.

e. The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

f. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

g.  At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

h.  At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case and that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

i.  DEBTORS COUNSEL REMINDER - A letter is to be submitted to the Trustee, accompanying any Order Confirming, addressing all issues as they are listed in the Trustee's Recommendation. In addition, **all** documents (ex: tax returns, paystubs etc.) submitted to the Trustee must be redacted by debtors and/ or their counsel.

**Specific Recommendations:**

1.  The Trustee requires that the debtor(s) provide a statement from any banking institution that had an open account as of date of filing of the debtor(s) case as to the balance of funds as of the date of filing. *This is a request made in the Trustee's original Recommendation that has not been supplied by the debtor.*

2.  The Trustee requires the Debtor to provide copies of all pay advices, statements or other documents used to calculate Gross wages and Current Monthly Income as listed on Line 2 of Form 22C for the six months prior to filing this case.

3.  The Trustee requires the Debtor to provide copies of two most recent, consecutive paystubs for each and every job she may hold.

4.  The Trustee requires verification of the "Contributions to Household from Children" listed as a $200.00 monthly contribution to Debtor's income on Schedule I (although not included on Debtor's Form 22C Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income). A notarized affidavit from those persons providing the support, which specifies the amount of the monthly contribution, the date the monthly contribution began and the duration of the contribution is sufficient.

5.  Plan payments are currently delinquent $190 with a payment of $95 coming due April 13, 2013.

6.  The Trustee requests documentation and verification from the past 12 months for **all** expenses listed on Schedule J. Any documentation submitted must be **legible**, **organized by category and month**, and **totaled and averaged** (*i.e.* "Show your work"). Any documentation submitted which does not meet these requirements will not be considered received by the Trustee, who may lodge an order dismissing Debtor's case for failure to comply.

7.  The Trustee requires the Debtor to provide copies of check Numbers 1011 or 1022 written from the account containing the life insurance proceeds, as well as a copy of a statement detailing all deposits and withdrawals from the account.

8. The Trustee requires the debtor provide a copy of any lease agreement for her home, as in information provided to the Trustee, the debtor claims she's moved in with daughter and renting out her real property. The Debtor must also provide documentation verifying the receipt of the income from real property listed on Schedule I since the first month of the lease or other agreement with renter(s).

In summary, the Plan cannot be confirmed subject to the condition(s) noted above. ***The Trustee requires that any Stipulated Order Confirming contain the "wet" signatures from the debtors (where applicable), debtors counsel and objecting creditors if there are any***. General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee approximately $154 or an estimated 1% of related debts, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement will be met given debtors' scheduled zero equity in non-exempt property at petition date. **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item(s) #1, #2, #3, #4, #5, #6, #7, #8 above and submit a Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Dated: [see electronic signature]

Edward J. Maney, Trustee

Copies of the forgoing
mailed on [see electronic signature],
to the following:

Dora Portela
3823 W. Thunderbird Rd.
Phoenix, Arizona 85053
Debtor

Kelly G. Black, Esq.
JACKSON WHITE
40 North Center, Suite #200
Mesa, Arizona 85201
Debtor's counsel

By:_____
Trustee's Clerk